**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE GUADALUPE AGUAS LOZA;
MARTHA MARTINEZ CONTRERAS,

Petitioners,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-73416

Agency Nos.   A079-576-790
A077-819-433

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Jose Guadalupe Aguas Loza and Martha Martinez Contreras, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

/Research

denying their applications for cancellation of removal and denying their motion to remand based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003), and review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We agree with the BIA's conclusion that petitioners failed to establish that their former counsel's representation resulted in prejudice, and therefore their ineffective assistance of counsel claim fails. *See id*. at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). Accordingly, the BIA did not abuse its discretion in denying the motion to remand. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law."); *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) ("Under BIA procedure, a motion to remand must meet all of the requirements of a motion to reopen and the two are treated the same.").

In light of our disposition, we do not reach petitioners' remaining contentions regarding compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

**PETITION FOR REVIEW DENIED.**